Mosely vs. Mitchell et al.

---

HARVEY MOSELY, plaintiff in error, vs. ROBERT G. MITCH-ELL, trustee, et al., defendants in error.

This case comes within the principle of the decision in Kelly vs. Brooks et al., 50 Georgia, 582, and as the motion to reinstate was not made until after the cause of action was barred by the statute of limitations, it was properly overruled.

WARNER, Chief Justice, dissented.

Judgments. Practice in the Superior Court. Statute of limitations. Before Judge JAMES JOHNSON. Muscogee Superior Court. October Term, 1873.

At the November term, 1873, of the superior court of Muscogee county, Harvey Mosely petitioned, in brief, as follows:

On April 2d, 1861, he loaned to Mrs. Ann Sealy and John Sealy $2,187 50, taking their note therefor, payable on the first of the ensuing January. In order to secure the payment of said note, Robert G. Mitchell, as trustee for Mrs. Ann Sealy, and the said Ann Sealy, executed and delivered to him their mortgage on two lots in the city of Columbus. At the November term, 1867, he petitioned for the foreclosure of said mortgage, and a rule *nisi* issued and was duly served. This case remained upon the proper docket until the May term, 1871, of the court, when it was stricken on account of the failure of the plaintiff to file an affidavit of the payment of taxes as required by the relief act of October 13th, 1870, but no judgment of dismissal has ever been entered. No motion to reinstate said cause has been heretofore made on account of the decision of the supreme court of the state sustaining the constitutionality of such relief law. He therefore prays that said cause be now reinstated.

This petition was sustained by the affidavit of counsel. The only record evidence of the dismissal was the entry upon the bench docket as follows: "Dis. No affidavit filed. Thursday, June 22, 1871."

It was shown by parol that the dismissal was on motion of defendants.

The court refused to reinstate, and the plaintiff excepted.

PEABODY & BRANNON, for plaintiff in error.

THORNTON & GRIMES, for defendants.

TRIPPE, Judge.

It is sufficient to say that this case comes within the principle of the rule adopted in the case of *Kelly vs. Brooks*, 50

*Georgia,* 582, and as the cause of action was barred by the statute of limitation when the motion was made to reinstate, there was no error in the judgment of the court in refusing the motion. For the reasons which control my opinion on this question, I refer to what I said in the cases of *Tison vs. McAfee,* 50 *Georgia,* 279, and *Prescott vs. Bennett et al., Ibid.,* 266. As to the question, when was the mortgage in this case barred by the statute of limitations, see the case of *John George vs. James Gardner,* 49 *Georgia,* 441.

Judgment affirmed.

McCAY, Judge, concurred.

On the ground that the judgment moved against being of such a character as the party might have corrected by bill of exceptions and he having failed to do so, he is barred after the lapse of thirty days from the adjournment of the court giving the judgment.

WARNER, Chief Justice, dissenting.

It appears from the record that the plaintiff's case was dismissed from the docket of the court in which the same was pending at the May term, 1871, because no affidavit of the payment of the taxes had been filed. At the November term, 1873, the plaintiff made a motion to reinstate the case on the docket, which motion was refused. As the court had no legal power or authority to dismiss the plaintiff's case out of court for that cause, the plaintiff should have been allowed to have reinstated the same on the docket where it rightfully belonged; but if the judgment of dismissal stood in his way, then the motion to set aside that judgment was made in time, as held by a majority of this court, in *Prescott vs. Bennett,* 50 *Georgia,* 266. The case that was dismissed for non-payment of taxes was a petition to foreclose a mortgage on real estate. When was the mortgage barred by the statute of limitations?